CASE 95—INDICTMENT—NOVEMBER 23.

# Louisville and Jeffersonville Ferry Co. v. Commonwealth.
## Central Railway & Bridge Co. v. Same.

APPEAL FROM FRANKLIN CIRCUIT COURT.

1. CONSTITUTIONAL LAW—FAILURE TO MAKE REPORT FOR FRANCHISE TAXES.—Sections 4077 and 4078 of the Kentucky Statutes requiring "every railway company or corporation, and every incorporated bank, trust company, guaranty or security company, gas company, water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, turnpike company, palace car company, dining car company, sleeping car company, chair car company, and every other like company, corporation or association, also every other corporation, company or association having or exercising any special or exclusive privilege, or franchise not allowed by law to natural persons, or performing any public service," to make to the Auditor of Public Accounts between the 15th day of September and the 1st day of October, a statement containing information from which the State Board of Valuation and Assessment may assess for taxes the franchise of each of said companies, and prescribing a penalty for a wilful failure to make such report, are not in violation of the State Constitution or the United States Constitution.

2. CRIMINAL LAW—INDICTMENT—MULTIFARIOUSNESS.—Under those sections an indictment which charged the original failure and a continuation of same beyond the 1st day of October, charged but one offense.

Louisville & Jeffersonville Ferry Co. v. Commonwealth.

3. SAME.—Those sections do not constitute local or special legisla-
tion within the meaning of the Constitution inhibiting such
legislation.   .

4. SAME—WILFUL FAILURE.—The word "wilful," as used in those
sections does not mean a deliberate determination to refuse to·
make the report for the purpose of defrauding the State, or·
evading or hindering it in the collection of taxes. The term
as used in the statute simply means a. voluntary act of the de-
fendant as distinguished from coercion, or, in other words, that
he was free to report or not to report.

5. SAME—DUTY OF THE AUDITOR.—It is not the duty of the auditor··
as a condition precedent to the performance of the duty im-
posed by those sections upon the corporation, to notify each cor-
poration thus enumerated of the form prescribed by him for
the report therein required.

6. SAME—INSTRUCTIONS.—The instructions given by the court cor-
rectly defined the offense and the punishment. In the first of
those instructions the duty was defined in the language of the
statute and the jury were instructed that "if they believed be-
yond a reasonable doubt that the defendant wilfully failed to
make the report set out, then they ought to find the defendant
guilty and fix its punishment at a fine of one thousand dollars;"
in the second instruction the jury were told that "if they be-
lieved from the evidence beyond a reasonable doubt that de-
fendant wilfully failed to make the report set out in instruc-
tion number one, for any number of days after the first day of
October, 1897, they might also impose a fine and punishment of
fifty dollars for each day said defendant wilfully failed to make
said report after said first day of October, not exceeding the
number of days set out in the indictment;" by the third instruc-
tion "that every fact and circumstance necessary to constitute
the guilt of the defendant ought to be proven to the satisfac-
tion of the jury beyond a reasonable doubt, and unless defend-
ant had been proven guilty beyond a reasonable doubt, they·
ought to find it not guilty."

HUMPHREY & DAVIE FOR APPELLANT, LOUISVILLE & JEFFERSON-
VILLE FERRY Co.  (D. W. LINDSEY, OF COUNSEL.)

1. The court below erred in holding the statute to mean that the·
ferry company was not entitled to receive any notice from.
the auditor as to what form of tax blanks he had prepared for·

Louisville & Jeffersonville Ferry Co. v. Commonwealth.

the current year; and that the ferry company was not entitled to have any tax blanks furnished it to file it; and that the ferry company was not entitled to be first called on to make its return before it could be considered as in criminal default and be fined. Ky. Stats., secs. 4077, 4078, 4082, 4085, 4087, 4065, 4064, 4022, 4066, 4061, 4063; Henderson Bridge Co. v. Kentucky, 166 U. S., 150; Adams Express Co. v. Kentucky, 166 U. S., 171; Western Union Telegraph Co. v. Norman, 77 Fed. Rep., 13; Henderson Bridge Co. v. Com., 99 Ky., 623; Endlich on Interp. of Stats., secs. 258, 400, 402, 405; Barbour v. City of Louisville, 83 Ky., 95; Covington v. McNickle's Heirs, 18 B. M., 262; Waller v. Martin, 17 B. M., 181.

2. The demurrer to the indictment should have been sustained upon the further ground that the penal portion of this statute violates the fourteenth amendment to the Constitution of the United States, which provides that "no State shall make or enforce any law which shall deprive any person of life, liberty or property, without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." Gulf R. R. Co. v. Ellis, 165 U. S., 150; Schoolcraft's Admr., v. L. & N. R. R. Co., 92 Ky., 233; Ky. Stat., sec. 459; *ex parte* Converse, 137 U. S., 624; Cincinnati R. R. Co. v. Clark, 11 Ky. Law Rep., 808; *in re* Yot Sang, 75 Fed. Rep., 983; *ex parte* Virginia, 100 U. S., 339; Southern Building & Loan Association v. Norman, 98 Ky., 294.

3. The demurrer to the indictment should have been sustained on the ground of misjoinder of two separate misdemeanors. Crim. Code, sec. 126.

4. The demurrer to the indictment should have been sustained on the additional ground that the penal part in this statute is so uncertain, as to the offense, and penalty, that it will not be enforced in the courts. Com. v. East Tennessee Coal Co., 97 Ky., 238; Gulf R. R. Co. v. Ellis, 165 U. S., 150; Louisville & Nashville R. R. Co. v. Com., 18 Ky. Law Rep., 42; 99 Ky., 132.

5. The court erred in refusing to define the word "wilful" to the jury; and in leaving the jury, uninstructed to define the word 'wilful" for themselves. Bush v. Com., 78 Ky., 268; Salisbury v. Com., 79 Ky., 425; Burkes v. Com., 7 Ky. Law Rep., 826; Williams v. Com., 7 Ky. Law Rep., 744; Armstrong v. Com., 15 Ky. Law Rep., 344; Moody v. Com., 19 Ky. Law Rep., 1198; Thompson on Trials, sec. 2158; Same, sec. 2209; L., C. & L. R. R. Co. v.

Louisville & Jeffersonville Ferry Co. v. Commonwealth.

Case's Admr., 9 Bush, 728; McClurg v. Com., 17 Ky. Law Rep., 1339; Trise v. State, 17 Tex. App., 43; Thomas v. State, 14 Tex. App., 200; L. & N. R. R. Co. v. McCoy, 81 Ky., 403; Ky. Cent. R. R. Co. v. Gastineau's Admr., 83 Ky., 119; Eskridge's Exrs., v. C., N. O. & T. P. R. R. Co., 89 Ky., 367; Tilbins' Admr. v. C. & O. Ry. Co., 91 Ky., 444; L. & N. R. R. Co. v. Conniff's Admr., 16 Ky. Law Rep., 296; May on Criminal Law, sec. 11; Am. & Eng. Enc. of Law, vol. 2, sec. 378; Cutter v. State, 36 N. J. L., 137; 12 Am. & Eng. Enc. of Law, 525, note; Same, 29, 113; United States v. Edwards, 43 Fed. Rep., 67; State v. Preston, 4 Wis., 682; 29 Am. & Eng. Enc. of Law., 116 note; 29 Same, 117 note; Galvin v. Gaula Mill Co., 98 Cal., 268; Werner v. Flies, 91 Iowa., 146; State v. Whiteman, 93 N. C., 592; Potter v. U. S., 155 U. S., 446.

6. The court below erred in refusing to instruct the jury as to the meaning of the word "prescribe." McClurg v. Com., 17 Ky. Law Rep., 1339; Payne v. Com., 1 Met., 370; Donnellan v. Com., 7 Bush, 676; Louisville, &c., R. R. Co., v. Case's Admr., 9 Bush, 728.

7. The court below erred in not giving to the jury instruction eleven asked by the defendant, which was: "Although the jury may believe from the evidence that the defendant unlawfully failed to file the report between September 15th and October 1st, 1897; yet, unless the evidence also shows, beyond a reasonable doubt, that the defendant's failure to so file the report was wilful; they should find for the defendant."

8. There was no evidence whatever to support a judgment of wilfulness. Crim. Code, secs. 271, 353; Thompson on Trials, 2158; 14 Tex. App., 67; Bush v. Com., 78 Ky., 268; Salisbury v. Com., 79 Ky., 425; Breitunge v. Lindauer, 37 Mich., 222; State v. King, 86 N. C., 603.

9. The court erred in excluding from the jury the most important evidence that bore on the question of the wilfulness of the defendant. Felton v. U. S., 96 U. S., 702; Same, 579; Am. & Eng. Enc. of Law (new edition), vol. 4, p. 688; Com. v. Bradford, 9 Met. (Mass.), 268; May on Crim. Law, sec. 11; Am. & Eng. Enc. of Law, vol. 11, p. 378 note; State v. Smith, 9 N. C., 576; Cutter v. State, 36 N. J. L., 127; U. S. v. Edwards, 43 Fed. Rep., 67.

C. J. AND W. W. HELM, FOR APPELLANT IN THE CASE OF CENTRAL
RAILWAY AND BRIDGE CO. V. COMMONWEALTH.

1. It is not sufficient to prove mere failure to make the report.
There must be some additional evidence showing that the
failure was a wilful one. Wayman v. Com., 14 Bush, 466.

2. The sections under which the indictment is maintained are a
violation of the fourteenth amendment. Gulf R. R. Co. v. Ellis,
165 U. S., 150; *ex parte* Converse, 137 U. S., 624.

ROBT. B. FRANKLIN, COMMONWEALTH'S ATTORNEY, FOR APPELLEE.

1. The Franklin Circuit Court has jurisdiction of the offense of fail-
ing to make the report for franchise tax purposes required by
section 4078 of Kentucky Statutes. The offense of failing to
make the report is committed at that place where the law re-
quires the report to be made. Ky. Stats., secs. 141, 142.

2. The form prescribed in section 4078 does not import a duty on
the auditor's part precedent to the duty imposed on corpora-
tions to make the report therein required.

3. The word "wilful," as used in section 4087 of the Kentucky
Statutes, has not a technical meaning, and it does not devolve
upon the Commonwealth to prove wilfulness affirmatively.
Jellico Coal Co. v. Com., 96 Ky., 373; State v. Preston, 34 Wis.,
683; Trise v. The State, 17 Tex., App., 43; U. S. v. Three Rail-
road Cars ,1 Abb., 196; A Quantity of Distilled Spirits, 3 Bene-
dict, 559; U. S. v. Claypool, 14 Fed. Rep., 127; Reynolds v. U. S.,
98 U. S., 145; Wharton on Crim. Law, sec. 84.

4. The sections under which the prosecution was had are not un-
constitutional. Western Union Tele. Co. v. Ky., 77 Fed. Rep.,
13; Henderson Bridge Co. Case, 99 Ky., 623; 166 U. S., 150;
Adams Express Co. Case, 165 U. S., 194; 166 Same, 171.

JUDGE GUFFY DELIVERED THE OPINION OF THE COURT.

These two appeals are by consent ordered to be heard
together. The indictment in the first named case charged
the appellant of the offense of willfully and unlawfully
failing to make and deliver to the Auditor of Public Ac-
counts of this State, between the 15th day of September
and the 1st day of October, 1897, and for one hundred and
seventeen days consecutively from and after the 1st day

of October, 1897, the statement by law required, and by said Auditor of Public Accounts prescribed, in order that the State Board of Valuation and Assessment might determine and fix the value of defendant's franchise for the purpose of State and local taxation. The indictment in the last named case accuses the appellant of substantially the same offense as that charged in the first named case. The demurrer of the defendant to the indictment having been overruled, it entered a plea of not guilty, and by consent the law and facts were submitted to the court, without the intervention of a jury, upon an agreed state of facts. The defendant offered no testimony. The court found the defendant guilty, and fixed the fine at $1,000, to which defendant excepted, and filed motion in arrest of judgment, which was overruled. The motion in arrest of judgment is in substance as follows: "Came the defendant, and moved the court to arrest judgment on its findings herein, because the indictment does not state facts constituting a public offense," among other reasons because the statute under which it is drawn and found, to-wit, section 4085, of the Kentucky Statutes, is in conflict with the fourteenth amendment of the Constitution of the United States. The grounds relied on for a new trial are, in substance: (1) That the court erred in overruling the demurrer to the indictment; (2) the court erred in not finding for the defendant, on defendant's motion, when the Commonwealth rested; (3) that the finding of the court is not sustained by any evidence; (4) that the court erred in overruling defendant's motion in arrest of judgment. The motion for a new trial having been overruled, the appellant prosecutes this appeal.

In the first named case the defendant filed a demurrer upon the following grounds: "(1) Because it appears from

the indictment that the offense was not committed within the legal jurisdiction of this court; (2) because more than one offense is charged in the indictment; (3) because the facts stated do not constitute a public offense," which demurrer was overruled by the court, after which appellant moved the court to "require the plaintiff to elect which one of the several alleged offenses or causes of action set out in the indictment it will prosecute, to-wit, whether it will prosecute the alleged offense of failing to file report, and fine of $1,000 therefor, or whether it will prosecute the alleged offense of delaying the filing thereof, and the fine of $50 per day therefor," which motion was overruled by the court. Afterwards the appellant entered the plea of not guilty. At the conclusion of the evidence for the prosecution, the defendant moved for a peremptory instruction to find defendant not guilty, on several grounds therein named, which motion was overruled; and at the conclusion of all the testimony the motion was renewed, and again overruled. A jury trial resulted in a verdict and judgment in favor of the Commonwealth for $2,500, and, appellant's motion for a new trial having been overruled, it prosecutes an appeal to this court. The grounds relied on for a new trial are, in substance, as follows: (1) The court erred in refusing to sustain the demurrer to the indictment herein; (2) the court erred in refusing to require the Commonwealth to elect which of the two alleged offenses set up in the indictment it would prosecute therein; (3) the court erred in excluding from the jury competent and legal evidence offered by the defendant to be introduced to the jury in defendant's behalf; (4) the court erred in admitting evidence to the jury, over the objections of the defendant, which was incompetent, and the admission of which was injurious to defendant; (5) the court erred in refusing to

grant the peremptory instruction to find defendant not guilty asked by the defendant at the close of the Commonwealth's evidence; (6) the court erred. in refusing to grant the peremptory instruction asked by the defendant at the close of all the evidence; (7) the court erred in refusing to give to the jury instructions Nos. 1 to 15, inclusive, and each of them, asked by defendant, by which. action the court refused. to properly instruct the jury; (8) the court erred in giving to the jury instructions Nos. 1 to 3, inclusive, given by the court. to the jury, and in giving each or any of them, by which the jury were misinstructed; (9) the verdict and judgment are not supported by any evidence, and there was no evidence before the jury to show any guilt on the part of defendant, and the verdict of the jury was against the evidence; (10) the verdict of the jury was rendered under the influence of passion and prejudice against the defendant, through misconduct of the jury. (11) The verdict and judgment are contrary to law, and defendant has not received a fair trial.

The statute under which this prosecution was instituted may be found in subdivision 1 of chapter 108, Ky. Stat. Sections 4077 and 4078 of said chapter read as follows:

"Sec. 4077.   Every railway company or corporation, and every incorporated bank, trust company, guarantee or security company, gas company, water company, ferry company, bridge company, street railway company, express company, electric light company, electric power company, telegraph company, press dispatch company, telephone company, turnpike company, palace-car company, dining-car company, sleeping-car company, chair-car company, and every other like company, corporation or association, also every other corporation, company or association having or exercising any special or exclusive

privilege or franchise not allowed by law to natural persons, or performing any public service, shall, in addition to the other taxes imposed on it by law, annually pay a tax on its franchise to the State, and a local tax thereon to the county, incorporated city, town and taxing district, where its franchise may be exercised. The auditor, treasurer and secretary of the State are hereby constituted a Board of Valuation and Assessment, for fixing the value of said franchise, except as to turnpike companies, which are provided for in section four thousand and ninety-five of this article, the place or places where such local taxes are to be paid by other corporations on their franchise, and how apportioned, where more than one jurisdiction is entitled to a share of such tax, shall be determined by the Board of Valuation and Assessment, and for the discharge of such other duties as may be imposed on them by this act. The Auditor shall be chairman of said board, and shall convene the same from time to time, as the business of the board may require.

"Sec. 4078. In order to determine the value of the franchises mentioned in the next preceding section, the corporations, companies and associations mentioned in the next preceding section, except banks and trust companies whose statement shall be filed as hereinafter required by section 4092 of this article, shall annually between the fifteenth day of September and the first day of October, make and deliver to the Auditor of Public Accounts of this State a statement, verified by its president, cashier, secretary, treasurer, manager, or other chief officer or agent, in such form as the Auditor may prescribe, showing the following facts, viz.: The name and principal place of business of the corporation, company or association; the kind of business engaged in; the amount of capital stock.

preferred and common; the number of shares of each; the amount of stock paid up; the par and real value thereof; the highest price at which such stock was sold at a *bona fide* sale within twelve months next before the fifteenth day of September of the year in which the statement is required to be made; the amount of surplus fund and undivided profits, and the value of all other assets; the total amount of indebtedness as principal, the amount of gross or net earnings or income, including interest on investments, and incomes from all other sources for twelve months next preceding the fifteenth day of September of the year in which the statement is required; the amount and kind of tangible property in this State, and where situated, assessed, or liable to assessment, in this State, and the fair cash value thereof, estimated at the price it would bring at a fair voluntary sale, and such other facts as the Auditor may require."

Section 4087 of said chapter reads as follows:

"Any corporation or officer thereof, willfully failing or refusing to make reports as required by this chapter shall be deemed guilty of a misdemeanor, and for each offense shall be fined $1,000, and $50 for each day the same is not made after October first of each year."

The questions involved in each case being substantially the same, they will now be considered together. The appellants allege a number of objections to the judgment, and assign numerous reasons for a reversal.

So far as the constitutionality of the law imposing the tax upon the appellant, and the manner of assessing the same, is concerned, it seems to us that the decision in Henderson Bridge Co. v. Com., 99 Ky., 623 [31 S. W., 486], conclusively sustains the validity of the law, which decision was also affirmed by the Supreme Court of the United

States. 166 U. S., 150 [17 Sup. Ct., 532]. It is, therefore, unnecessary to again enter into a discussion as to the constitutionality of the act imposing such tax, or the validity of the law as to the manner of assessing the same. The statute in question being constitutional, it follows that the court properly overruled the demurrers, as well as the motion to elect. In our opinion, it was proper to indict not only for the failure to report by the day given, but also to include in the indictment the charge of continued failure to report; and that it was proper to try the entire charge under one indictment, which in fact constituted one offense. We do not think the court erred, to the prejudice of appellant's substantial rights, either in the admission or rejection of testimony, nor in refusing the peremptory instruction asked by appellant, either at the close of the Commonwealth's testimony, or at the close of all the testimony.

It is very earnestly argued for appellant that it could not be guilty of the offense charged, unless it actually knew of the existence of the law requiring the report to be made, and that its failure to report should have been with that knowledge, and that the term "willful" necessarily means a deliberate determination to refuse to make the report, for the purpose of defrauding the State, or evading or hindering it in the collection of taxes. We are unable to concur in this view. The rule of law is universal which presumes all persons to know the law, and, if there be any exceptions to this rule, we are satisfied that the case at bar does not fall within the exceptions. The term "willful," as used in the statute, simply means the voluntary act of a party, as distinguished from coercion, or, in other words, that he was free to report or not to report; and the term "willfully fail" can, as we think, have no other rational

construction.  It may be that a party in fact believed that the report had been forwarded to the proper officer, or in fact might have been sent, and by accident failed to reach its destination, in which event it would be a failure to report, but would not be willful or intentional, for the reason that the party had in good faith attempted to comply with the statute.

It is further insisted for appellant that it was the duty of the Auditor to notify the party required to report, and that until such notification had been received the appellant was not in default; and it is argued that, inasmuch as the law required the Auditor to prescribe the form, the meaning is that he must furnish that form to the party required to report, thus notifying him that he is required to report.  In the case at bar it appears that the Auditor had prescribed a form for reports required by statute, but he had not notified the appellants thereof, nor mailed to them a copy of the prescribed form.  We are not of the opinion that the statute is susceptible of the construction contended for by appellants.  It seems to us that it would be impracticable, if not almost impossible, for the Auditor to ascertain the name and location of every person in the State who is required by law to make reports required by the statute.  The Auditor is required to keep his office at the capital of the State, and it seems to us that the manifest intent of the law is that the reports must be made by the parties to the Auditor, at the State capital.  They certainly know where the Auditor is located, and, as before remarked, all persons are presumed to know the law; hence it seems clear that the report should be made to the Auditor, at his office at Frankfort, and the duty devolved upon him is merely to prescribe the form in which

[47]

the report should be made. It would certainly involve much labor and expense if the Auditor was required to go or send throughout the State, and find the location of all the parties who come within the purview of the law in question, and demand of each that it make a report; and, unless the statute clearly required the Auditor to perform such services, we are clearly of the opinion that he should not be required to take upon himself such a laborious duty.

The suggestion that the statute imposing the penalty upon appellants for failing to list or report is local or special legislation, because it is different from that imposed upon an ordinary citizen who fails to list his property for taxation, is not tenable, for the reason that it is not special in the sense of the Constitution. This court, in Stone, Auditor, v. Wilson, 19 Ky. Law Rep., 128 [39 S. W., 49], in discussing local legislation, said: "'Local' or 'special' legislation, according to well-known meaning of the words, applies exclusively to special or particular places, or special and particular persons, and is distinguished from a statute intended to be general in its operation, and that relating to classes of persons or subjects." In Com. v. E. H. Taylor, etc., 19 Ky. Law Rep., 552 [38 S. W. 10], this court at some length discussed the same question, and reaffirmed the same doctrine announced in the case *supra.* The syllabus in the last-named case reads as follows: "The provisions of the Constitution do not prohibit the assessment of property by any other person than the assessor elected in the county, but, on the contrary, provide that the Legislature may abolish that office and provide that the assessment of property shall be made by another officer. The mode provided for assessment of distilled spirits is not a local or special act, within the meaning of

section 59 of the Constitution, but general in both purpose and detail." The parties required to make the reports in question may truly be said to constitute a distinct class from and exercising many privileges not enjoyed by, the individual citizen; hence to require different duties, and impose different penalties for failure, is in no sense a violation of the State or Federal Constitution. The property of all persons, as well as appellants, is by law required to be assessed at its fair cash value.

Appellant complains of the refusal of the court to give to the jury the fifteen instructions asked, but we are of opinion that the court did not err in that respect. Appellant also complains of instructions 1, 2, and 3 given by the court, which instructions are as follows, and correctly present the law applicable to the case: "(1) The court instructs the jury that the law requires that, in order to determine the value of the franchise of defendant company, it was incumbent on said company to make and deliver to the Auditor of Public Accounts of this State between the 15th of September and the 1st of October, 1897, a statement, verified by its president, manager, cashier, secretary, treasurer, or other chief officer, in such form as the auditor might prescribe, showing the following facts, to-wit: The name and principal place of business of the said defendant; the kind of business engaged in; the amount of capital stock, preferred and common; the number of shares of each; the amount of stock paid up; the par and real value thereof; the highest price at which said stock was sold at a *bona fide* sale within twelve months next before the said 15th day of September, 1897; the amount of surplus fund and undivided profits, and the value of all other assets; the total amount indebtedness, as principal; the amount of gross or net earnings or income, including

interest on investments, and income from all other sources, for twelve months next preceding the 15th day of September, 1897; the amount and kind of tangible property in this State, and where situated, assessed, or liable to assessment, in this State, and the fair cash value thereof, estimated at the price it would bring at a fair, voluntary sale; the length of the entire lines operated, owned, leased, or controlled in this State, and in each county, incorporated city, town, or taxing district in this State, and the entire lines operated, controlled, leased, or owned elsewhere; the gross and net income and earnings received in this State and out of this State on business done in this State; and the entire gross receipts of the corporation in this State and elsewhere during the twelve months next bfore the 15th day of September of the year in which the assessment is required to be made; and such other facts as the Auditor may require. And if the jury believes from the evidence, beyond a reasonable doubt, that the said Auditor of Public Accounts had prior to the 15th day of September, 1897, prescribed a form by which the said facts above indicated and set forth could be shown, and if the jury shall further believe from the evidence, beyond a reasonable doubt, that the defendant, in this county, and before the finding of the indictment herein, did willfully fail to make the report above indicated and set out, to the Auditor of Public Accounts of this State, on or before the 1st day of October, 1897, they ought to find the defendant guilty, and fix its punishment at a fine of $1,000." "(2) If the jury find the defendant guilty, under the first instruction herein, and they shall further believe from the evidence, beyond a reasonable doubt, that the defendant willfully failed to make the report above set forth to the Auditor of Public Accounts of this State for any number of

days after the said 1st day of October, 1897, they may also impose a fine and penalty of $50 for each day said defendant willfully failed to make said report after said 1st day of October, 1897, not exceeding one hundred and seventeen days." "(3) Every fact and circumstance necessary to constitute the guilt of the defendant ought to be proven to the satisfaction of the jury, beyond a reasonable doubt; and, unless the defendant has been proven guilty beyond a reasonable doubt, they ought to find the defendant not guilty."

We deem it unnecessary to notice the other reasons assigned for a reversal. We have carefully examined the record, and perceive no error prejudicial to the substantial rights of the appellants; and the judgment in each case is affirmed, with damages.

Judge DuRelle not sitting.