## Nashville, Chatanooga & St. Louis Railway Company v. Commonwealth.

(Decided October 2, 1914.)

### Appeal from Franklin Circuit Court.

1.  Corporations—Report to Auditor of Public Accounts—Section 4078 of the Kentucky Statutes, which requires a corporation annually to make and deliver to the Auditor of Public Accounts, between the 30th day of June and the 1st day of October, a verified statement of its affairs in such form as the Auditor may prescribe, is mandatory; and it is the duty of every such corporation to make the report within the time prescribed by the statute.

2.  Corporations—Report to Auditor of Public Accounts—Form of Report—Auditor Not Required to Furnish.—There is no duty imposed upon the Auditor of Public Accounts to furnish the form for

the report required by section 4078 of the Kentucky Statutes, upon which corporations are to make their annual returns to the Auditor of Public Accounts, except upon request.

3. Corporations—Report to Auditor of Public Accounts.—The term "willful," as used in section 4087 of the Kentucky Statutes, which makes the failure of a corporation to file its annual report with the Auditor of Public Accounts a misdemeanor, subject to a fine, simply means the voluntary act of a party, as distinguished from coercion; that he was free to report or not to report.

WHEELER & HUGHES and CLAUDE WALLER for appellant.

JAMES GARNETT, Attorney General, CHARLES H. MORRIS, Assistant Attorney General, and VICTOR A. BRADLEY, Commonwealth Attorney, for appellee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In order to determine the value of the franchises of railway corporations and other companies and corporations mentioned in section 4077 of the Kentucky Statutes, every such corporation is required by section 4078 of the Kentucky Statutes, annually, to make and deliver to the Auditor of Public Accounts, between the 30th day of June and the 1st day of October, a statement, verified by its president, cashier, secretary, treasurer, manager, or other chief officer or agent, "in such form as the Auditor may prescribe," showing the facts therein prescribed, including the name and principal place of business of the corporation, the kind of business it is engaged in, the amount of its capital stock, preferred and common; the number of shares of each; the amount of stock paid up; the par and real value thereof, &c.

Section 4087 of the Kentucky Statutes, being a part of the same article relating to the assessment of certain corporations, provides as follows:

"Any corporation, or officer thereof, willfully failing or refusing to make reports as required by this chapter shall be deemed guilty of a misdemeanor, and for each offense shall be fined one thousand dollars and fifty dollars for each day the same is not made after October the first of each year."

The appellant having been indicted for a failure to make a report to the Auditor within the time prescribed by the statute, the case was tried upon the following agreed statement of facts:

"This case is submitted to the court, a jury being waived, upon the plea of 'not guilty,' by defendant, upon the following statement of facts:

"Defendant is a corporation of the State of Tennessee, operating, now and then, for many years past, continuously, as a steam railroad from Tennessee into the county of Fulton, in Kentucky, being an interstate carrier, and is required to make to the Auditor of the State of Kentucky the report provided for in section 4078, Kentucky Statutes; that such report for the year 1912 was not filed by the defendant with the Auditor of the State of Kentucky until the 19th day of October, 1912; that it has been the custom of the Auditor's office, in Frankfort, Kentucky, since the statute requiring the report became a law, to send to the defendant each year and prior to October 1st, a form of report such as is prescribed by the Auditor, to be used by the defendant in making its report and the custom of the defendant to make its report each year on the form sent to it from said Auditor's office, and this report has been made on such form each year since the statute has existed; that J. H. Ambrose, the treasurer of the defendant company would say that it had been the custom and was the custom of the defendant's office to deliver to his office all mail pertaining to the matters herein in dispute, and that he did not receive the form for making the report of the defendant for the year 1912 until the 16th day of October, 1912, and made and filed its report for that year with the Auditor on the 19th day of October, 1912. The said Ambrose would say that he was familiar with the statute requiring this report to be made on or before the 1st day of October of each year and it was his duty under the rules of the defendant company to make this report; that the Board of Valuation and Assessment did not convene until after the said 19th day of October.

"It is agreed that C. J. Veiling, Corporation Clerk of the Auditor's office, would testify that it had been the custom of the Auditor's office to mail to each corporation required to make the said report, some time before the 1st day of October of each year, a form for making said report; that said forms were mailed in an envelope with the return address stamped upon the outside of said envelope; that in the year 1912 and prior to October 1st of said year he followed said custom and took the names of said corporations from a ledger containing the names

of those required to make said report, and that the defendant was one of the corporations on said ledger; that no return mail came to the said office from the defendant and that no request was received from them for such form until after October 1st; that independent of said custom he is unable to state whether a form was mailed in said year prior to October 1st to the defendant company.

"It is further agreed that J. H. Ambrose would state further that he is secretary and treasurer of the defendant company and that the chief office of the defendant is in Nashville, Tennessee, and that all mail addressed to defendant at Nashville, Tennessee, comes from the post office to his office as secretary and treasurer of the corporation, unless specifically addressed to some particular officer of the corporation other than the secretary and treasurer, and from his office mail is distributed to the other departments, and that this practice prevailed in the year 1912 and for many years prior thereto.

"Objections are made by the respective adverse parties to the relevancy of the testimony of Mr. Ambrose and Mr. Veiling."

The defendant was found guilty and fined $1,900.00; and from that judgment it prosecutes this appeal.

For the appellant it is argued that since section 4078 of the statutes requires the report for the purpose of franchise valuation to be made in such form as the Auditor may prescribe, it is the duty of the Auditor to prescribe a form of report; and being charged with this duty, it is his right as well as his duty to change the form and to prescribe a different one if a better form should develop. From this it is argued that corporations are not authorized to make a report to the Auditor in any other form than that prescribed by the Auditor; that a report made to the Auditor upon any other form would not be a compliance with the letter of the law; and that, therefore, it is not the duty of the corporation, under the statute, to make a report until it shall have been furnished by the Auditor with a prescribed form, in each year.

Furthermore, it appears from the agreed statement of facts, that for the past twenty years, in fact ever since there has been a statute requiring the report, it has been the custom of the Auditor to send out, each year, to the corporations required to make such report, a form

prescribed by the Auditor; and, likewise, it has been the custom of the corporations to wait for the form before making their report thereon.

Appellant has, during this period, annually received a form from the Auditor's office, and has always made its report upon the form so received. In the year in question, however, appellant did not receive the form from the Auditor until October 16th, sixteen days after the report should have been filed with the Auditor.

It does not precisely appear who was at fault; whether the Auditor's office failed to send the form, or whether it was mislaid in the office of appellant; and under our view of the law, as heretofore announced by this court, we do not think this a material fact.

The precise question here presented was before the court as early as 1898, in Louisville & Jeffersonville Ferry Co. v. Commonwealth, 104 Ky., 726. In that case the appellant was indicted and fined $2.500.00 for failing to file its report with the Auditor before October 1st, 1897; the failure in that case being due to the Ferry Company's ignorance of the existence of the requirement of the statute which had been enacted in 1896. After carefully considering the arguments which are again presented in this case, this court in the Ferry Company case, *supra,* said:

"It is very earnestly argued for appellant that it could not be guilty of the offense charged, unless it actually knew of the existence of the law requiring the report to be made, and that its failure to report should have been with that knowledge, and that the term 'willful' necessarily means a deliberate determination to refuse to make the report, for the purpose of defrauding the State, or evading or hindering it in the collection of taxes. We are unable to concur in this view. The rule of law is universal which presumes all persons to know the law, and, if there be any exceptions to this rule, we are satisfied that the case at bar does not fall within the exceptions. The term 'willful,' as used in the statute, simply means the voluntary act of a party, as distinguished from coercion, or, in other words, that he was free to report or not to report; and the term 'willfully fail' can, as we think, have no other rational construction. It may be that a party in fact believed that the report had been forwarded to the proper officer, or in fact might have been sent, and by accident failed to

reach its destination, in which event it would be a failure to report, but would not be willful or intentional, for the reason that the party had in good faith attempted to comply with the statute.

"It is further insisted for appellant that it was the duty of the Auditor to notify the party required to report, and that until such notification had been received the appellant was not in default; and it is argued that, inasmuch as the law required the Auditor to prescribe the form, the meaning is that he must furnish that form to the party required to report, thus notifying him that he is required to report. In the case at bar it appears that the Auditor had prescribed a form for reports required by statute, but he had not notified the appellants thereof, nor mailed to them a copy of the prescribed form. We are not of the opinion that the statute is susceptible of the construction contended for by appellants. It seems to us that it would be impracticable, if not almost impossible, for the Auditor to ascertain the name and location of every person in the State who is required by law to make reports required by the statute. The Auditor is required to keep his office at the capital of the State, and it seems to us that the manifest intent of the law is that the reports must be made by the parties to the Auditor at the State capital. They certainly know where the Auditor is located, and, as before remarked, all persons are presumed to know the law; hence it seems clear that the report should be made to the Auditor, at his office at Frankfort, and the duty devolved upon him is merely to prescribe the form in which the report should be made. It would certainly involve much labor and expense if the Auditor was required to go or send throughout the State, and find the location of all the parties who come within the purview of the law in question, and demand of each that it make a report; and, unless the statute clearly required the Auditor to perform such services, we are clearly of the opinion that he should not be required to take upon himself such a laborious duty."

The ruling in Louisville & Jeffersonville Ferry Co. v. Commonwealth, *supra,* as to the effect to be given the term 'willful' as used in the statute, was followed in Tracy v. Commonwealth, 25 Ky. L. R., 670, 76 S. W., 184. In that case Tracy, a county superintendent of common schools, was indicted for having willfully failed to settle, on or before August 1st, 1902, with the county

judge, his accounts as superintendent, for the previous school year; and having been convicted and fined $150.00, he appealed. ·

Tracy was indicted under section 4409 of the Kentucky Statutes, which made it a misdemeanor for a county superintendent of common schools to "willfully" fail to make a settlement on or before August 1st, 1902, and his excuse for not having so made his settlement was, that two of his receipts for school money paid to teachers had been destroyed, and that it was his purpose to make the settlement as soon as he could get duplicate receipts. The court, however, held that the provision requiring the settlement to be made on or before August 1st was mandatory, and further said:

"It is contended for the appellant that the evidence did not show that his failure to settle within the required time was willful, and, therefore, the peremptory instruction asked by him at the conclusion of the Commonwealth's evidence should have been given by the court. We are unable to adopt this view. In the case of the Louisville & Jeffersonville Ferry Co. v. Commonwealth, 104 Ky., 726, the defendant was indicted and convicted for willfully failing to file with the Auditor a verified statement of its capital stock, place of business, etc., as required by sections 4078 and 4087, Kentucky Statutes. In construing the word 'willful' used in the statute this court, in the opinion in that case, said: 'The term willful, as used in the statute, simply means the voluntary act of a party, as distinguished from coercion, or, in other words, that he was free to report or not to report; and the term "willfully fail" can, as we think, have no other rational construction. It may be that a party in fact believed that the report had been forwarded to the proper officer, or in fact it might have been sent and by accident failed to reach its destination, in which event it would be a failure to report, but would not be willful, or intentional, for the reason that the party had, in good faith, attempted to comply with the statute.'

"We are of the opinion that the appellant's failure to comply with the statute was willful because it was a voluntary omission of a well known duty, the performance of which was made imperative by the statute. It follows, therefore, that he was guilty of a violation of the provisions of the statute, for which he became liable to indictment, and punishment as therein prescribed."

Statutory requirements of this character have usually been held to be mandatory. Thus, in Commonwealth v. O'Bryan, Utley & Co., 153 Ky., 406, the appellees having been indicted under section 571 of the Kentucky Statutes for doing business in the State without having "filed" in the office of the Secretary of State the statement required by the statute, giving the location of its office and the name of its agent thereat upon whom process could be served, they defended by showing that the required notice had been sent in due time to the Secretary of State in the usual way, which was by mail, postage prepaid; and that as it had not been returned to the sender, there was a presumption of its delivery. The court, however, held this evidence wholly insufficient to show that the statement had been "filed" with the Secretary of State as required by the statute; that the only way to prove the filing was to show that it was actually on file, or to show its delivery by one who actually delivered it in the office of the Secretary of State, into the custody of some one authorized to receive it.

In view of these explicit declarations of this court, the question must be considered as closed, and that it is the duty of every corporation that is required to make the report prescribed by the statute, *supra,* to make it within the time therein prescribed; and that there is no duty imposed upon the Auditor to furnish the form for the report, except upon request.

Judgment affirmed.