## United Fuel Gas Company v. Commonwealth.

(Decided October 18, 1916.)

## Appeal from Franklin Circuit Court.

1.  Taxation—Assessment of Corporations—Report or Statement by Corporation.—Section 4078, Ky. Statutes, which requires certain corporations to file a report with the Auditor of Public Accounts between the thirtieth day of June and the first day of October, is mandatory, but section 4087, Kentucky Statutes, which imposes a penalty for failure or refusal to file the report only denounces a penalty upon a wilful failure or refusal to do so.

2.  Taxation—Assessment of Corporations—Report by Corporation.— The want of knowledge of the requirements of the law, or the failure of the auditor to notify a corporation of its duty, or the failure to furnish it a form upon which to report, except upon request, or obstacles to a report, which may be overcome by the corporation, are not sufficient as excuses for a failure to file the report within the time provided by law, under the terms of section 4087, Kentucky Statutes.

3.  Taxation—Report or Statement of Corporation.—A corporation must make a report, as provided by section 4078, supra, and succeeding sections, in such form as may be prescribed by the auditor, and must embrace in the report the things specifically provided for by the statutes, and such other facts as the auditor may require.

4.  Taxation—Report or Statement of Corporation.—Where a corporation, which is required to file a report under section 4078, and succeeding sections, on or before October first with the auditor, directs its agent to make and file its report, and while it is yet time within which he may do so, and the auditor directs the agent to include in the report information, which is impossible to be obtained on or before the first day of October, and this fact is known to the auditor and the agent at the time, and the corporation fails to file the report on or before the first day of October solely by reason of the requirement, and files same as soon as the information can be obtained, in the manner prescribed and directed by the auditor, the failure to file it by the time required by the statute is not a wilful failure, although the auditor has no power to suspend the statute or to grant further time beyond the first of October for filing the report.

R. G. ALTIZER and HAZELRIGG & HAZELRIGG for appellant.

M. M. LOGAN, Attorney General, for appellee.

OPINION OF THE COURT BY JUDGE HURT—Reversing.

The appellant, United Fuel Gas Company, is a corporation which was organized under the laws of the

state of West Virginia, but doing business in the state of Kentucky, as well as in the states of West Virginia and Ohio, and is a corporation which is required to file with the Auditor of Public Accounts, a report, as required by Section 4078, Ky. Statutes, to enable the Board of Valuation and Assessment to determine the value of its franchise for the purpose of taxation, as provided by Section 4077, Ky. Statutes, Section 4078, *supra,* requiring such a corporation to make and file with the Auditor of Public Accounts a report, in such form as the Auditor may prescribe, verified by its president, cashier, secretary, treasurer, manager or other chief officer or agent, between the thirtieth day of June and the first day of October in each year. Among other things which must, according to the requirements of the statute, be embraced in the report is a statement of the amount and kind of tangible property which the corporation owns in this state, and where situated, assessed or liable to assessment, in this state, and the fair cash value thereof, estimated at the price it would bring at a fair voluntary sale, "and such other facts as the Auditor may require."

Section 4087, Ky. Statutes, imposes a penalty upon any corporation, or officer thereof, who wilfully fails or refuses to make the report as required by Section 4078, *supra,* of one thousand dollars and fifty dollars for each day the report is not made after the first day of October, in each year.

The appellant did not file with the Auditor its report for the year 1914, before the first day of October of that year, and not until the eighth day of December, thereafter. At the September term, 1915, of the Franklin circuit court the grand jury returned an indictment against the appellant, by which it was accused of the offense of wilfully failing to make and deliver to the Auditor, between the thirtieth day of June and the first day of October, 1914, and for sixty-eight days, consecutively, from and after the last mentioned date, the statement by law required and by the Auditor prescribed, in order that the Board of Valuation and Assessment might fix the value of the corporation's franchise tax for the purposes of state and local taxation.

The appellant entered a plea of not guilty of this indictment. By agreement of parties, the case was tried upon an agreed statement of facts, and the affidavits of L. A. Seyffert and C. J. Veiling. A jury trial was

waived, and the case submitted for trial and judgment
to the court upon the agreed statement of facts and the
affidavits mentioned. The court adjudged the appellant
guilty of a violation of Section 4087, *supra,* as charged
in the indictment, and fixed its penalty at $4,350.00,
which it was adjudged that the appellee would recover
of it. The appellant filed grounds for and moved the
court to set aside the judgment and grant a new trial,
but the motion was overruled and hence this appeal.

The facts agreed upon by the parties were, that the
appellant was a corporation organized under the laws of
West Virginia, and engaged in business in Kentucky;
that it was such a corporation as was liable to pay a
franchise tax, and under Section 4077, and succeeding
sections of the Kentucky Statutes, was required to file
a report with the Auditor between the thirtieth day of
June and the first day of October, as prescribed by the
Auditor, and required by Section 4078, and succeeding
sections, *supra*; that it did not file the report with the
Auditor on or before the first day of October, and did
not file it until the eighth day of December; that there-
after, in due time, after the assessment of the value of
its franchise, it paid the taxes upon its franchise to the
state, counties and taxing districts, as fixed by the Board
of Valuation and Assessment; that in the report filed
by it on December 8th, a copy of which was made part
of the agreement, it, in the blank space provided for that
purpose, reported the aggregate value of its tangible
property, as had been made by the local assessors in the
various counties and districts in which its tangible prop-
erty was situated, as of September 1st, 1914, and that
such method of getting the value of the tangible prop-
erty was in accordance with the uniform practice of the
office, as shown by the corporation reports on file therein
for the year, 1914.

It will be observed that the only issue to be deter-
mined upon the evidence was whether the failure to file
the report on or before October first was a wilful failure,
which is denounced by the statute.

The evidence shows, that appellant had been engaged
in business in this state, for several years previous to
the year, 1914, and had previous to that year always filed
its report with the Auditor before the first day of Octo-
ber of each year. The form prescribed by the Auditor
upon which appellant was required to make its report, in

addition to many other things, required a statement of the amount and kind of tangible property owned by it in this state on the first day of September, and then in separate items, the amount of tangible property and kind of tangible property owned by it, and where its tangible property is situated, assessed or liable to assessment, stating the county, city or town, and the name of the taxing district or precinct, and the value of the tangible property at a fair voluntary sale.

The facts appearing in the evidence, about which there does not seem to be any dispute, are, that the appellant had been engaged for some years in selling natural gas in several counties of the state of Kentucky, and in several school districts in each of these counties, and was the owner of tangible property in six separate taxing districts of Boyd county, five districts of Greenup county, two districts of Lawrence county, and in two districts of Martin county; that L. A. Seyffert was the assistant secretary and assistant treasurer of the appellant, and that it was his duty to keep the books and accounts of appellant, and the duty of making up and delivering to the proper authorities all statements and reports which were required by law to be made for the purposes of taxation of the property of the appellant in the state, and the various taxing districts in which, by law, it was required to be taxed. C. J. Veiling was the clerk in the Auditor's office, who is known as and called the Corporation Clerk, and who has charge of all matters relating to the taxation of corporations in the office of the Auditor, and who keeps all accounts, and the preservation and filing of all papers relating to the taxation of corporations. Previous to the first day of October, Seyffert had gone to the office of the Auditor on several occasions and there had had conferences with Veiling, as the representative of the Auditor, with reference to the contents of the report to be made by appellant, and had, also, had correspondence by letter with Veiling relating to the subject, and that previous to the first day of October, when he could have prepared and filed the report, Veiling directed him to secure and embrace in the report of the corporation, information, other than was required by the printed form; informed him that the reports which had been filed by appellant in the years theretofore were not satisfactory to the Board of Valuation and Assessment; that the Board found it necessary

to secure other data and information, in addition to that
required by the printed form, in order to make a correct
valuation of the franchise of appellant, and to enable it
to fix the amount to be paid in each county and taxing
district, and directed Seyffert, among other things, to
embrace in the report the amount and kind of tangible
property owned by appellant in the state on September
first, and the value of it as fixed by the local assessors
in the various counties as of that date. The printed
form, while it requires a report of the amount and kind
of tangible property and its value on the first day of
September, does not require the report to embrace its
value as fixed by the local assessors of the counties.
Some of the local assessors did not make nor complete
their assessments of the tangible property owned by ap-
pellant, in their districts, until after the first day of
October, but as soon, however, as appellant could secure
the various assessments of its tangible property, as made
by the assessors in their respective counties, it made and
filed its report and embraced in it a statement of the
value of its tangible property as of September first, as
made by the local assessors, and as required by the Audi-
tor. Seyffert testifies that at the time the requirement
was made of him, that the value of the tangible property,
as of September first, as fixed by the local assessors
should be reported, that both he and Veiling knew that
a report embracing such information could not be made
prior to the first day of October, and Veiling says that
he took into consideration the requirements he made of
the appellant and contemplated that it was not probable
that the report could be filed on or before the first day
of October. It, furthermore, appears that the Board of
Valuation and Assessment relies upon the valuation
fixed upon the tangible property by the local assessors
as a guide in determining the taxable value of the fran-
chise. It is very clear, that both the representative of
appellant and the representative of the Auditor, when
the requirement was made, that the report should em-
brace the value of the tangible property, as fixed by the
local assessors, understood and contemplated that the
report could not be filed before the first day of October,
unless the local assessors had made their assessments
previous to that date, and the representative of appellant
must have understood that the time of filing the report

was extended until such time as the assessments made by the local assessors could be obtained.

The statute under which appellant was indicted and fined has been construed by this court, as applied to certain states of facts.

The case of Louisville & Jeffersonville Ferry Co. v. Com., 104 Ky. 736, was an appeal from the judgment of the trial court finding the Ferry company guilty of the same offense for which the appellant was indicted. The excuses for failing to report in that case were, that the accused did not know that the law required the report to be made and the Auditor had not given it notice of the fact that it should report, and therefore the failure was not wilful. This court denied the contention, holding that the presumption was that all persons knew the laws of the land, and in the course of the opinion in that case the meaning of the term ''wilful,'' as used in Section 4087, *supra,* was defined in the following language:

''The term 'wilful,' as used in the statute, simply means the voluntary act of a party, as distinguished from coercion, or in other words, that he was free to report or not to report; and the term 'wilfully fail,' can as we think, have no other rational construction.''

The case of Tracy v. Com., 25 R. 669, involved a construction of Section 4409, Ky. Statutes, by which a school superintendent is required to settle his accounts on or before the first day of August, and imposing a fine of not less than one hundred dollars nor more than five hundred dollars for his wilful failure to do so, and which is a similar statute to the one herein involved. The school superintendent, whose settlement should have been made on or before the first day of August, 1902, had deferred making it until March, 1903, and the excuse offered by him for the failure was, that he had lost two receipts for moneys paid out by him, and had waited to make his settlement until he could obtain duplicates. This court held that the loss of the two receipts and his waiting to obtain duplicates did not show that his failure to settle was not wilful, and said:

''We are of the opinion that the appellant's failure to comply with the statute was wilful, because it was a voluntary omission of a well known duty, the performance of which was made imperative by the statute.''

It should be said, that in that case there was no reason shown why the duplicate receipts could not have been obtained before the first day of August, as well as thereafter.

In Nashville, Chattanooga & St. Louis Ry. Co. v. Com., 160 Ky. 50, the Railway company was convicted of a violation of Section 4087, *supra.* The ground upon which it sought to excuse itself for failure to file the report required, on or before the first day of October, was, that the Auditor did not furnish it a form upon which to make the report until the 16th of October, and therefore the failure was not wilful. The court held, that while it was the duty of the Auditor to prescribe a form, he was not required to furnish a blank form to a corporation whose duty it was to make such report, unless requested to do so, and hence the failure was wilful.

The Louisville Tobacco Warehouse Company was indicted and convicted for a violation of Section 4087, *supra,* it being a corporation and failing to make the report required on or before the first day of October. The defense relied upon by it was, that the Auditor was of the opinion that it was not such a corporation as was required by the statute, *supra,* to make a report and had never prescribed nor prepared any form upon which such corporation should report. This court, in Louisville Tobacco Warehouse Company v. Com., 20 R. 1047, upheld this contention and reversed the judgment, holding that as the Auditor had never prescribed any form for a report for the corporation to make, it could not wilfully fail to make the report.

In Suburban Electric Company v. Com. 21 R. 1556, the corporation, before the first day of October, and in ample time to make out, swear to and file the report required of it before October first, gave to its attorney the data necessary for him to have, in order to prepare its report, and the attorney went to the office of the Auditor and represented to him, that on account of press of business it would be inconvenient for him to prepare the report for the corporation before the first day of October, and requested the Auditor to grant him further time in which to prepare and file the report, when the Auditor said, that if the report was filed at any time during the year that it would do, as the Board of Valuation and Assessment could not make up its reports of valuation until after the State Board of Equalization

had met and fixed the valuations of tangible property in the various counties, and that it was because of the Auditor's permission that the report was not filed until after the first day of October. The court held that the failure of the corporation to file the report on or before the first day of October was not a wilful failure, and in so holding, used the following language:

"Clearly, the Auditor had no power to suspend the operation of the law or to give further time in which to comply with its provisions. But under the circumstances of this case, where the party had in good faith and in ample time attempted to comply with the statute, the failure brought about by that official's unauthorized extension of time to the agent of the company, who was to do the actual filing, does not seem to us to be a wilful failure or refusal to report, but as the party was in fact misled by the Auditor, the case comes fairly within the analogy and spirit of the illustration given by Judge Guffey, in the opinion first cited (Louisville & Jeffersonville Ferry Co. v. Com.) of what may be an exception to the general rule: " 'It might be that a party in fact believed that the report had been forwarded to the proper officer, or in fact might have been sent and by accident failed to reach its destination, in which event it would be a failure to report, but would not be wilful nor intentional, for the reason that the party had in good faith attempted to comply with the statute.' "

The statute, Section 4078, *supra*, which provides that corporations shall file with the Auditor the report therein required on or before the first day of October, is no doubt mandatory, and Section 4087, *supra*, which provides a penalty for a "wilful failure" to observe the requirements of Section 4078, *supra*, is drastic in its terms, but is nevertheless a very salutary statute, and the want of knowledge of the law, and the failure of the Auditor to notify corporations of their duties under the statute and the failure of corporations to remove obstacles to their compliance with the laws, which are within their power to remove, have been justly held to be insufficient as reasons for the non-enforcement of the provisions of Section 4087, *supra*. It will be observed, however, that when the legislature undertook to lay a penalty upon the corporation failing to file its report with the Auditor on or before the first day of October, it provided a penalty only for the one which was guilty of a wilful failure. The

meaning of that term, as there used, has, as before said, been defined by this court in Louisville & Jeffersonville Ferry Co. v. Com., *supra,* and has been quoted and approved in Tracy v. Com., *supra,* and N. C. & St. L. Ry. Co. v. Com., *supra,* and is adhered to. In Louisville & Jeffersonville Ferry Co. v. Com., a wilful failure was defined as meaning "that he was free to report or not to report," and in Tracy v. Com., the act of the accused was held to be wilful because it was a "voluntary omission of a well known duty, the performance of which was made imperative by Statute." Section 4078, *supra,* provides that the report shall be made in such form as may be prescribed by the Auditor, and after enumerating a great many things which shall be embraced in the report, says: "and such other facts as the Auditor may require." The Auditor cannot change the law nor extend the time for the performance of an act beyond the time fixed for its performance by law, but may he not impose such requirements upon a corporation relating to the things to be embraced in its report, that it cannot make a report as required by the Auditor within the time required by law, and will the failure in such a state of case be a voluntary or wilful act in the sense that it may be subjected to a penalty? In Louisville & Jeffersonville Ferry Co. v. Com., *supra,* as quoted in the opinion in Suburban Electric Co. v. Com., *supra,* the court therein suggested instances in which the failure to report would not be wilful, but it is apparent that the instances there suggested are not all the states of facts under which a failure to report would not be wilful, as it was held in the case of Suburban Electric Co. v. Com., *supra,* that the fact that the Auditor misled the agent of the corporation as to the time in which it was necessary to file its report, absolved it from the guilt of a wilful failure to file its report when due. There is no difference in the principle to be deduced from the facts of that case and this one. In this case, the appellant was ready to report in due time, when the representative of the Auditor notified the agent, whose duty it was to make the report and who had directions from the corporation to make and file the report that he must embrace in the report, facts, which it was not able to obtain until after the first day of October. In the case, *supra,* the agent of the corporation who had been employed to prepare the report asked for an extension of time beyond the

time when the report was due and the Auditor granted the request. In this case, the Auditor made a requirement for the performance of which each party recognized would require an extension of time in which to report, beyond the time when the report was due and hence was more than a mere granting of permission to defer the filing of the report, until after the first day of October. The report was made as soon as the required facts could be gathered.

Under the particular facts of this case, we are of the opinion that the failure of appellant to file its report on or before the first day of October was not wilful, in the meaning of the statute. Hence, the judgment is reversed and cause remanded for proceedings consistent with this opinion.