## IN THE MATTER OF THE ELECTION OF DIRECTORS OF THE BROOKLYN BASEBALL CLUB.

Submitted February 23, 1907—Decided June 10, 1907.

It requires a willful refusal to file the report of the election of directors within thirty days after any annual election to make the directors so failing to file the same ineligible to re-election at the next succeeding annual meeting.

---

On petition to establish the election of the petitioners as directors of the Brooklyn Baseball Club.

Before Justices FORT, HENDRICKSON and PITNEY.

For the petitioners, *Northrop & Griffiths.*

For the respondents, *Vredenburgh & Wall.*

The opinion of the court was delivered by

FORT, J. We think the prayer of the petitioners in this case should be denied.

The respondents were elected directors of the Brooklyn Baseball Club at the annual meeting held on November 12th, 1906. They received one thousand two hundred and seventy-five votes and the petitioners received two hundred and nine votes.

The capital stock of the company is divided into two thousand five hundred shares. There are five directors. The by-

laws fix the second Monday in November as the date for the annual meeting.

The company was organized December 11th, 1899. The only meetings at which directors were elected since the organization were those of February 12th, 1902; March 21st, 1905, and November 12th, 1906. The last stated meeting was the only one at which directors have been elected upon the day fixed by the by-laws of the company.

No report of the meeting of March 21st, 1905, was made and filed within thirty days after such meeting and election, as required by statute.

It appears, however, that the directors ordered such report to be made, and directed the secretary to attend to it. The report was drawn by the counsel of the company and signed by the president, and delivered to the secretary to file, but for some reason it was never filed. The secretary died July 27th, 1905. None of the directors were aware of the fact that the report had not been filed until October, 1905, whereupon it was immediately done.

The statute relied upon by the petitioners is section 43 of chapter 124 of the laws of 1900, which, in part, reads as follows:

"Every domestic corporation and every foreign corporation doing business within the state shall file in the office of the secretary of state, within thirty days after the first election of directors and officers, and annually thereafter, *within thirty days after the time appointed for holding the annual election of directors,* a report authenticated by signatures of the president and one other officer, or by any two directors of the company, stating * * * *if such report be not so made and filed, all of the directors of any such domestic corporation who shall willfully refuse to comply with the provisions hereof, and who shall be in office during the default, shall, at the time appointed for the next election, and for a period of one year thereafter, be thereby rendered ineligible for election* or appointment to any office in the company, as director, or otherwise." *Pamph. L.* 1900, *p.* 313.

On the facts in evidence in this case, the only question for

determination here is one of fact, namely, Was the failure to file the report of the election of directors on March 21st, 1905, willful refusal to so do on the part of the respondents? We do not think the facts proven justify such an inference.

The petition is dismissed, but without costs.