PHOENIX FINANCE CORPORATION, a corporation of the State of Delaware,

*vs.*

IOWA-WISCONSIN BRIDGE COMPANY, a corporation of the State of Delaware, H. A. SCHREMSER, HENRY G. FOOTE, JR., FRED BIERMAN, T. H. BACKWELL, DR. FAYETTE D. KENDRICK, DR. GEO. C. DITTMAN and IRENE M. BELL.

*New Castle, April 12, 1939.*

*Arthur G. Logan,* of Marvel, Morford & Logan, for petitioner.

*Daniel F. Wolcott,* of Ward & Gray, for respondents.

THE CHANCELLOR: This is a petition, under *Section 31 of the General Corporation Law, Sec.* 2063, *Rev. Code* 1935, to determine whether the individual persons, now holding the offices of directors of the Iowa-Wisconsin Bridge Company, a corporation of this State, are, in fact, the legally elected directors of that corporation; or whether, at the time they were declared elected, they were ineligible for such offices. Both the corporation and the individual defendants, claiming to be the directors of it, filed an answer to the complainant's petition, and the case is before the court on a motion of the complainant for a decree notwithstanding the answer.

*Section 97 of the Revised Code of* 1935 provides:

"Annually on or before the first Tuesday in January, it shall be the duty of every corporation * * * by its President, Secretary, Treasurer or other proper officer thereof, or by any two of its directors * * * to make an annual report to the Secretary of State," setting out certain prescribed facts.

The same section of the code, also, provides:

"If such report shall not be so made and filed, all the directors of any such corporation, who shall wilfully refuse to comply with the provisions herein set forth and who shall be in office during the default, shall at the time appointed for the next election, and for a period of one year thereafter, be thereby rendered ineligible for election or appointment to any office in the corporation as director or otherwise; * * *."

It further provides, however, that "no director shall be thus disqualified for the failure to make and file such report, if he shall file with the Secretary of State, before the time appointed for holding the next election of directors after such default, a certificate stating that he has endeavored to have such report made and filed, but that the officers have neglected to make and file the same," and, also, setting out the facts required to be stated in an annual report, so far as he is able.

As the question before the court is raised on a motion for a decree notwithstanding the defendants' answer to the complainant's petition, the truth of all the properly pleaded allegations of the answer is admitted. (*Rule* 44.) From the petition and the answer thereto, it, therefore, appears that the petitioner is the record owner of voting stock in the Iowa-Wisconsin Bridge Company, one of the defendants; that no annual reports were filed by that corporation with the Secretary of State in the months of January, 1936, 1937 or 1938; that the individual defendants received the requisite vote and were declared re-elected directors of the Bridge Company at a special meeting of the stockholders of that company, held on December 6; 1938; that prior to that time no meeting for the election of directors had been held since 1936, though the by-laws provide for such elections on the second Saturday of July in each year; that prior to December 6, 1938, no certificates had been filed by any of the individual defendants with the Secretary of State, pursuant to the provisions of *Section* 97 *of the Revised Code of* 1935; that on September 26, 1933, proceedings to foreclose a mortgage given to secure certain bonds, purporting to have been issued by the Iowa-Wisconsin Bridge Company, were instituted by the petitioner in the United States District Court for the Northern District of Iowa, Eastern Division; that in that proceeding, and as an incident thereto, a receiver was appointed of all of the property and assets of the Bridge Company, including the bridge owned by it, and its books and records, of every kind and description, were turned over

to the receiver, pursuant to a general receivership order, of broad scope to that effect, entered by the court; that in the order appointing the receiver the defendants were restrained and enjoined from interfering with any of the property belonging to the Bridge Company; that on October 14, 1938, by a petition filed under *Section* 31 *of the General Corporation Law, Sec.* 2063, *Rev. Code* 1935, this petitioner pointed out that it was the duty of the Bridge Company to file annual reports, pursuant to the provisions of *Section* 97 *of the Revised Code of* 1935, though a receiver had been appointed for it in the foreclosure proceedings, above referred to; that the foreclosure proceedings instituted in the United States District Court for the Northern District of Iowa, Eastern Division, were appealed to the appropriate United States Circuit Court of Appeals; that when such appeal was taken some of the corporate records belonging to the Bridge Company, in the custody of the District Court, were, therefore, delivered to the Appelate Court; that shortly after October 14, 1938, the Iowa-Wisconsin Bridge Company took the appropriate steps to withdraw from both the United States District Court in Iowa and the Circuit Court of Appeals such records, as were required by it to make the reports provided for by *Section* 97 *of the Revised Code of* 1935, and on the 17th day of November, 1938, filed with the Secretary of State the reports that should have been filed by it in the months of January 1936, 1937 and 1938; that the individual defendants paid the necessary fees when such reports were filed; that until the necessary corporate records had been procured from the United States District and Circuit Courts, and the stock records had been corrected to date, none of the directors could have made and verified the reports required by statute; that the failures to file such reports were, therefore, in no sense wilful acts on the part of the defendants; that in finally making such reports to the Secretary of State a certificate of the secretary and treasurer of the corporation

was attached, which set forth in detail the reasons why they had not been filed at the times required by statute.

The statute, *Sec. 97, Rev. Code of* 1935, makes ineligible for re-election "at the time appointed for the next election, and \* \* \* one year thereafter" all "directors \* \* \* who shall wilfully refuse to comply" with its provisions "and who shall be in office during the default." Whether, however, the failure to file the reports, provided for by the statute, is a wilful refusal to comply with its terms must necessarily be determined from the facts of the particular case. *In re Brooklyn Baseball Club,* 75 *N. J. L.* 64, 66 *A.* 1051; *Stratford v. Mallory,* 70 *N. J. L.* 294, 58 *A.* 347; *Fletcher's Cyc. Corp., (Perm. Ed.)* § 2283. In view of the express language of the statute, it is apparent that a default, due to a mere mistake or misunderstanding, in which there is no element of intent, or wilful evasion, is not within its provisions. *In re Brooklyn Baseball Club,* 75 *N. J. L.* 64, 66 *A.* 1051; *Stratford v. Mallory,* 70 *N. J. L.* 294, 58 *A.* 347; 5 *Fletcher's Cyc. Corp., (Perm. Ed.)* § 2283. See, also, *Providence Steam-Engine Co. v. Hubbard,* 101 *U. S.* 188, 25 *L. Ed.* 786; *Danville Light, Power, etc., Co. v. Commonwealth,* 191 *Ky.* 270, 230 *S. W.* 38.

As I view it, this case is within that class, and the individual defendants were not ineligible for re-election as directors of the Iowa-Wisconsin Bridge Company at the special meeting of the stockholders, held in December of 1938. The corporation was not dissolved by the appointment of a receiver in the mortgage foreclosure proceedings, pending in the Federal District Court in Iowa. *DuPont v. Standard Arms Co.,* 9 *Del. Ch.* 315, 81 *A.* 1089; *State v. Surety Corp. of America,* 19 *Del. Ch.* 17, 162 *A.* 852; *Hannigan v. Italo Petroleum Corp. of America,* 7 *W. W. Harr.* (37 *Del.*) 227, 181 *A.* 660.

But in view of the fact that the corporate records were not in the custody of the Bridge Company in the months of January 1936, 1937 and 1938, and that all of its assets and

property had been taken over by the receiver, the failure of that corporation to file the required reports cannot be said to be wilful acts. This is particularly true as almost immediately after the corporation had learned that its duties in that respect had not been changed by the appointment of a receiver in the mortgage foreclosure proceedings, it took steps to procure the necessary information and filed the required reports. In fact, the answer alleges that the failure of the corporation to file such reports was, in no sense, wilful, but entirely due to the peculiar circumstances then existing. As I have already pointed out, this allegation, as well as the other allegations of the answer, are admitted by the petitioner's motion. Having reached this conclusion, no other questions, raised by the petitioner, need be considered.

Let a decree be prepared in accordance with this opinion.